UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MCCALLUM,
ELAINE MCCALLUM,

        Plaintiffs,        CASE NO. 15-12676
                               HON. DENISE PAGE HOOD
v.

STEPHEN GEELHOOD,
AMY MATELIC,
BRYAN WATSON,
STEVEN RILEY,
LARRY BARNETT,
DAVID HANSBERRY,
GREGORY TOURVILLE,
DETROIT, CITY OF,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#25] AND DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT [#29]**

## I.    INTRODUCTION AND BACKGROUND

Anthony McCallum and wife, Elaine McCallum, sued Detroit Police Officers Stephen Geelhood, Amy Matelic, Bryan Watson, Steven Riley, David Hansberry, Gregory Tourville, and the City of Detroit for malicious prosecution and municipal liability in violation of 42 USC § 1983. The individuals were members of a now defunct Detroit Police Narcotics Unit. There are two named

Plaintiffs, but only Plaintiff Anthony McCallum filed a summary judgment motion against Defendant Matelic. She responded by filing a cross motion for summary judgment claiming she is entitled to qualified immunity. (Doc. # 29)

On April 25, 2013, Matelic wrote an affidavit in support of a search warrant for Plaintiff's residence on 16421 E. State Fair in Detroit. (Doc. 25-1) The affidavit stated:

> On 4/25/13, Affiant (Matelic) working with P.O Geelhood received confidential information from a credible and reliable confidential informant regarding illegal narcotics, which are being stored and sold form 16241 E, State Fair in the City of Detroit and County of Wayne, Michigan. This confidential informant has provided information in the past regarding illegal narcotic trafficking on at least (3) prior occasions resulting in the confiscations of large amounts of cocaine, heroin, marijuana, firearms and narcotic proceeds. Through the efforts of this confidential informant, P.O. Geelhood has cases pending in 36th District and 3rd Circuit Courts. The confidential informant stated that he/she was inside of 16421 E. State Fair with an unwitting person during the past 48 hours and observed large amounts of cocaine being sold and stored within. On 4/25/13, Affiant and P.O. Geelhood conducted surveillance at the above location. During the course of 35 minutes, Affiant observed (3) suspected buyers . . . on separate occasions, walk up and drive up to the location, knock, engage in a brief conversation with the above SELLER, and then enter 16421 E. State Fair. The suspected buyers would remain inside of the location for approximately 2-3 minutes and then leave the location. Affiant did not stop suspected buyers due to the fact it may compromise the investigation.

(Doc. 25-1 at 1)

Thirty-Sixth district court Magistrate Judge Barthwell issued a search warrant for 16421 E. State Fair. The warrant identified a "Suspected Seller" who was to be searched as a "B/M/35-40 5'10/180 with a possible street name of

2

'Dre.'" (Doc. 25-1 at 2) The warrant also identified "Dark Blue Ford F150 Pick-up with rims" to be searched. *Id*.

Officers executed the search warrant and found drugs. However, they did not find a Ford F-150, and the man they arrested did not match the description of "Dre." McCallum was 46 years old, 5'4" and 165 pounds. Plaintiffs note that during the arrest and raid Officers Geelhood and Lieutenant Hansberry kept asking Plaintiffs where was Dre, clearly indicating that they knew Mr. McCallum was not "Dre."

McCallum challenged the warrant; a *Franks* hearing was held. During the hearing regarding the affidavit, Defendant Matelic and the court engaged in the following exchange:

> THE COURT: . . . I'm looking at your affidavit here and it says affiant, that's you, working with PO Gill Hood (sic) received confidential information from a credible and reliable confidential informant regarding illegal narcotics, et cetera, et cetera.
> Now, as I understand your testimony, you did not actually receive the information from the informant?
> THE WITNESS: Correct.
> THE COURT: Your affidavit seems to suggest that you did receive it together with Gill Hood (sic). But you mean to say Gill Hood (sic) got it from the informant and then gave it to you?
> THE WITNESS: Correct. I must of-- I'm sorry. I must of wrote it the confusing.

3

> THE COURT: All right. You didn't have any direct conversation with the informant?
>
> THE WITNESS: Correct.
>
> THE COURT: Now, the, the informant here is described by you as credible and reliable, but what -- do you even know who the informant is? Did Gill Hood (sic) tell you who it was?
>
> THE WITNESS: No.
>
> THE COURT: He didn't tell you who it was. And so how do you know that the informant was credible and reliable?
>
> THE WITNESS: I guess I was -- I wanted to write it so that it looked like it came from him; that he's telling me he's credible and reliable. He has used him.

(Doc. # 25-2 at 36-37) Matelic admitted she only observed the three individuals enter and exit McCallum's residence. *Id.*

The court was troubled about the manner in which the affidavit was written:

> THE COURT: . . . I mean, and I hate to be melodramatic, but, you know, frankly this is a false affidavit. Now, maybe because of sloppiness. But the fact of the matter is the affidavit very clearly signals that this affiant, witness, is the person that had direct communication with the SOI. . . . Very clearly the affiant gave the impression in the affidavit that she had firsthand knowledge of this contact with the SOI. That's the way it was presented to the magistrate. That's my problem.

The court adjourned the *Franks* hearing and continued it on August 8, 2013. During the second hearing the court stated:

> THE COURT: based on Amy Matelic's testimony the last time we were on the record she actually did not have any direct conversation with the informant. She doesn't have any experience with the informant. She implies in her affidavit that both she and Gil Hood (sic) received confidential

4

> information. Well, she doesn't imply that. She says it. And that turns out not to be the case. Only Gil Hood (sic) received it, and only Gil Hood had the experience. And Gil Hood is not a signatory to the affidavit. So the affidavit I mean really just cannot be ascribed as anything other than false in that respect. The, the affiant actually did not have the experience with the informant or conversations or, or any contact. Didn't have and actually said on the stand she didn't know who he was or she was. . . . I am going to strike the first two paragraphs of the affidavit, and that leaves only what was honestly averred in the affidavit. And that is that she and Gil Hood conducted surveillance on the above location. That but in and of itself clearly does not provide probable cause for the warrant.

(Doc. # 25-4 6-8) Consequently, the evidence was suppressed and the case was dismissed based on the judge's decision that there was no probable cause to support the search warrant. *Id*. at 8.

## II. STANDARD OF REVIEW

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250-57 (1986). A fact is material if it could affect the outcome of the case based on the governing substantive law. *Id*. at 248. A dispute about a material fact is genuine if on review of the evidence, a reasonable jury could find in favor of the nonmoving party. *Id*.

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must "go beyond the

5

pleadings and … designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. The Court may grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment." *Johari v. Big Easy Restaurants, Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

When reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

6

## III.  ANALYSIS

Matelic claims she is entitled to qualified immunity.  According to Matelic, the information in the affidavit was accurate, since Defendant Geelhood had firsthand knowledge of information conveyed by the confidential informant.  Matelic claims that because officers are allowed to rely on information conveyed by other officers to establish probable cause, she is entitled to qualified immunity.  *See generally*, *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 568 (1971).  McCallum disagrees and contends Matelic is not entitled to qualified immunity because she knowingly lied in the affidavit to create probable cause.

Qualified immunity protects state actors sued under § 1983 from damages liability as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231(2009) (quotation marks omitted).  The determination of whether a government official is entitled to qualified immunity is a two-step inquiry:  "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Miller v. Sanilac Cnty*., 606 F.3d 240, 247 (6th Cir.2010) (internal quotation marks and citations omitted).

The Fourth Amendment requires that an arrest be supported by probable cause.  U.S. Const. Amend IV.  "Probable cause is based upon knowledge or

reasonably trustworthy information that would lead a reasonable person to believe that an offense has been or is being committed." *Donta v. Hooper*, 774 F.2d 716, 721 (6th Cir. 1985). "In § 1983 actions, an officer ordinarily receives qualified immunity if he or she relies on a judicially secured warrant." *Hale v. Kart*, 396 F.3d 721, 725 (6th Cir. 2005). However, "officers cannot rely on a warrant if the officer knowingly made false statements or omissions in the affidavit which are necessary to establish probable cause." *Yancey v. Carroll County*, 876 F.2d 1238, 1243 (6th Cir.1989). An officer can be liable under § 1983 for an illegal search or seizure when the officer "knowingly and deliberately, or with a reckless disregard for the truth" makes "false statements or omissions that create a falsehood" and "such statements or omissions are material, or necessary, to the finding of probable cause." *Peet v. City of Detroit*, 502 F.3d 557, 570 (6th Cir. 2007) (quoting *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir.2000)).

An assertion is made with reckless disregard when, after viewing all the evidence, the affiant entertained serious doubts as to the truth of her statements or had obvious reasons to doubt the accuracy of the information reported. *Peet*, 502 F.3d at 571 n.3. Omissions are made with reckless disregard if an "officer withholds 'a fact in his ken' that 'any reasonable person would have known . . . is the kind of thing the judge would wish to know.'" *Id.* (quoting *Wilson*, 212 F.3d at 788).

8

McCallum has shown that a constitutional violation occurred. Matelic did not have probable cause to enter Plaintiffs' home, arrest Plaintiffs, or help institute legal proceedings against Plaintiffs. Matelic's statements were false and those statements were essential to the finding of probable cause of the warrant. The affidavit insinuated that Matelic received the information directly from the informant, rather than her partner Officer Geelhood. This was inaccurate. The fact that Matelic did not receive the information directly from the informant and does not even know anything about the informant is pertinent information that the judge felt the court should have known. Although Officer Matelic may not have intended to do so, even viewing the evidence in the light most favorable to Matelic, she at least demonstrated a reckless disregard for the truth when she wrote the affidavit. There is no genuine issue for trial, and there is no question of material fact as to whether McCallum has satisfied the first step in determining that qualified immunity does not apply.

There is also no material question of fact that Plaintiffs established the second prong in demonstrating that qualified immunity does not apply. Individuals have a clearly established federal right not to be arrested without probable cause. *Donta v. Hooper*, 774 F.2d 716, 721 (6th Cir. 1985). Falsifying facts to establish probable cause and relying on warrants obtained through false or misleading statements is unconstitutional. *Sykes*, 625 F.3d at 305. Any reasonable officer

would know that engaging in such conduct to manufacture probable cause is unconstitutional. Accordingly, Matelic is not entitled to qualified immunity.

## IV. CONCLUSION

For the reasons set forth above,

    IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (Doc. # 25) is GRANTED.

    IT IS FURTHER ORDERED that Defendant Matelic's Cross Motion for Summary Judgment (Doc. # 29) is DENIED.


Dated: March 31, 2017        s/Denise Page Hood
                                          Chief, U.S. District Court


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2017, by electronic and/or ordinary mail.

                                          s/LaShawn R. Saulsberry
                                          Case Manager